# U.S. ex rel. FREEDMAN V. BAYADA, ET AL.
# U.S. DISTRICT COURT, D.N.J.
# 3:19-cv-18753-FLW-ZNQ

# RELATOR'S RESPONSE TO DEFENDANTS' MOTION FOR FEES AND COSTS

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE UNITED STATES OF AMERICA, THE STATE OF NEW JERSEY *ex rel.* DAVID FREEDMAN,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BAYADA HOME HEALTH CARE, INC., *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 3:19-cv-18753-FLW-ZNQ |

### DECLARATION OF DAVID FREEDMAN IN SUPPORT OF RELATOR'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

I, David Freedman, hereby depose and state as follows:

1. I am over 21 years of age and am competent to make this declaration. I have personal knowledge of the facts set forth in this declaration and, if called to testify about these facts, I could and would do so competently under oath.

2. I am the Plaintiff-Relator in the above-captioned action.

3. I offer this declaration in support of Relator's Opposition to Defendants' Motion for Attorneys' Fees and Expenses (Doc. 40). In footnote 3 of this Court's opinion granting Defendants' motion to dismiss, the Court noted, "based on Freedman's own allegations, it appears that he facilitated the alleged

fraud of which he now complains. This calls into question his motives for bringing this suit." I want to address the concerns expressed in that footnote.

4. Mark Baiada was the sole owner of BAYADA Home Health Care, Inc. (together with the other Defendants, "Bayada") at all times relevant to Bayada's response to the Ocean County Board of Health's "Request for Competitive Contracting Proposals for the Purchase and Transfer of the Operating Rights of the Home Health Care Agency of the Ocean County Board of Health" (the "RFP"), and Bayada's subsequent transactions to obtain all necessary licenses and rights to operate the home health agency and bill Medicare and Medicaid for the home health services it provides.

5. From January 2009 until August 2016, I was a full-time (likely misclassified) 1099 contract employee of Bayada. One of the primary services I performed for Bayada was to source possible acquisitions for Bayada's home-health business. I was paid a base salary and a $60,000 success fee for each Home Health Agency that Bayada acquired as a result of my efforts. I worked remotely from my home office in Phoenix and then San Diego with minimal travel to see prospects and attend company meetings. I took direction from and reported to David Baiada from January 2009 thru November 2015 during which any work performed on the Ocean County transaction and Bayada's subsequent acquisition of all necessary licenses and rights to operate the home health agency and bill

Medicare and Medicaid for the home health services it provides, took place. I took direction from and reported to Greg Bellomy, Chief Strategic Growth Officer from December 2015 to August 2016.

6. My work for Bayada included contacting owners of Home Health Agencies in specific locations where Bayada wanted to acquire an HHA. Once I sourced a lead, I stayed involved with the seller and negotiated the business transaction and then helped to coordinate the transaction process with the project management and operations team.

7. I sourced the Ocean County BOH HHA lead by cold call in 2011 and followed up regularly. I put together most of the proposal and shepherded the process for Bayada with a variety of my colleagues.

8. Because the Ocean County transaction was to involve an RFP from, and a bid to, a governmental entity, I asked David Baiada if Bayada had any political connections to Ocean County. Through a series of connections that Mark Baiada had, it was suggested that Bayada retain George Gilmore. I had done my own on-line research, which also identified George Gilmore as a likely candidate for the work.

9. At the direction of David Baiada, I communicated with George Gilmore on several occasions from the fall of 2011 through February of 2012 about helping Bayada with the anticipated Ocean County RFP. Gilmore explained to me

that his fee consisted of a retainer plus an hourly rate of approximately $400 per hour. I did not have the authority to bind Bayada to any compensation arrangement without first obtaining David Baiada's express approval. I, thus, explained Gilmore's compensation request to David Baiada. In November 2011 David Baiada suggested that we offer to Gilmore a smaller up-front retainer with an added success fee if Bayada won the bid. I advised David Baiada against such an arrangement – because I thought it was inappropriate to pay a party chairman lawyer in such a manner and I did not want Bayada to appear cheap. I did not know at the time it was improper, as I could not have known the terms of the Ocean County RFP which was not issued until two years later - June 5, 2014.

10. Ultimately, after months of additional conversation on February 14, 2012, David Baiada authorized me to sign a retainer agreement on behalf of Bayada with George Gilmore, consisting of an up-front retainer of $20,000 and an hourly rate of $400 for partners and $275 for associates. That document is attached to this declaration as Exhibit A.

11. Ocean County did not actually issue an RFP until more than two years later, on June 5, 2014. I had very little involvement with the proposed transaction during those two years, and no further involvement whatsoever with George Gilmore's compensation arrangement.

12. Bayada's response to the RFP was due on July 25, 2014. Four and three days before the RFP was due, I was copied on emails, revealing that David and Mark Baiada had offered a "success fee" to George Gilmore and George Gilmore accepted the success fee offer and payment if Bayada was the winning bidder for the Ocean County HHA. Those emails are attached to this declaration as Exhibit B. I had no role whatsoever in negotiating the success fee with Mr. Gilmore, nor with the emails between David Baiada and George Gilmore on July 21, 2014.

13. At that time, I did have access to the RFP, but I did not review the Non-Collusion Affidavit. The signing and notarization of the bid documents were handled in Moorestown, NJ and hand delivered to Toms River, NJ.

14. Bayada terminated its relationship with me on August 22, 2016, after I had repeatedly objected to what I believed was improper conduct by Bayada in three other transactions not related to the Ocean County transaction.

15. On January 27, 2017, I was contacted by Bayada's in-house Compliance Counsel in connection with a phone call it received about a forthcoming subpoena. I was told that the subpoena was related to an investigation by the United States Department of Justice into activities of George Gilmore. It was that call, and further investigation by me and my then counsel that led me to

realize that Bayada certified that it had complied with all RFP requirements, including the following certification:

> I further warrant that no person or selling agency has been employed or retained to solicit or secure such contract upon an agreement or understanding for a commission, percentage, brokerage, or contingent fee, except bona fide employees or bona fide established commercial or selling agencies maintained by Bayada.

It was this realization that led me to pursue this case. I did not believe that a federal government health insurer such as Medicaid or Medicare would agree to reimburse a provider that had obtained a Medicare-certified Home Health Agency in such a manner. Although, I understand and accept the Court's ruling on that issue, I do not believe there is any basis for questioning whether my motives for filing this case were proper. I filed this case for precisely the reason that the False Claims Act exists – to incentivize individuals to hold companies accountable for submitting to the government claims for payment to which they are not entitled. I hope that my testimony and the accompanying documents put to rest any concern that I might have facilitated any fraud or that my motives for filing this lawsuit are anything other than what the statue contemplates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on 7/3/21

David Freedman

6